1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                         NORTHERN DISTRICT OF CALIFORNIA

7

8    RHEANNA D. KENNEDY,                    Case No.  15-cv-01642-KAW

                  Plaintiff,
9
           v.                               **ORDER GRANTING APPLICATION
10                                          TO PROCEED IN FORMA PAUPERIS;
     SONOMA COUNTY SUPERIOR COURT,          DISMISSING COMPLAINT WITH
11   et al.,                                LEAVE TO AMEND**

12                Defendants.               Re: Dkt. Nos. 1, 2

13

14         Rheanna D. Kennedy ("Plaintiff"), who proceeds pro se, commenced the above-captioned

15   case on April 10, 2015.  (Compl., Dkt. No. 1.)  Plaintiff also filed an application to proceed in

16   forma pauperis.  (Pl.'s IFP Appl., Dkt. No. 2.)  The Court has reviewed Plaintiff's application to

17   proceed in forma pauperis and finds that Plaintiff is unable to pay the filing fee.  *See* 28 U.S.C. §

18   1915(a)(1).  Plaintiff's application to proceed in forma pauperis is, therefore, GRANTED.

19   Plaintiff's complaint, however, must be dismissed with leave to amend, because the complaint fails

20   to state a claim upon which relief can be granted.

21                        **I.      LEGAL STANDARD**

22         Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss [a] case at any time if the court

23   determines that . . . the action . . . fails to state a claim on which relief may be granted."  *See* Fed.

24   R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a

25   short and plain statement of the claim showing that the pleader is entitled to relief."  But "a

26   complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

27   plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Threadbare

28   recitals of the elements of a cause of action" and "conclusory statements" are not adequate.

United States District Court
Northern District of California

1    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a

2    probability requirement, but it asks for more than a sheer possibility that a defendant has acted

3    unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's

4    liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

5    (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

6          Pro se pleadings are liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

7    (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "A pro se complaint, however inartfully

8    pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . . "

9    *Estelle*, 429 U.S. at 106 (internal citations omitted).

## III.    DISCUSSION

11         Plaintiff's claims stem from the alleged warrantless removal of two minor children.

12   (Compl. ¶¶ IV.1-3, Dkt. No. 1.)  She alleges that on February 7, 2013, Elizabeth Martinez visited

13   three separated residences, accompanied by police departments from three different cities, to

14   illegally remove her children.  *(Id.)*

15         Based on the events surrounding and following this alleged warrantless removal, Plaintiff

16   commenced this action against the Sonoma County Superior Court, the Sonoma County Human

17   Services Department (CPS), the Sonoma County Public Defender's Office, the Rohnert Park

18   Police Department, the Santa Rose Police Department, the El Sobrante Police Department, Judge

19   James Bertoli, Public Defender Bonnie Alonzo, Public Defender David Fuller, Patty Ramano,

20   Jackie Gillespie, Juana Marquez, Shannen Fraley, and Elizabeth Martinez ("Defendants").

21   (Compl. ¶¶ III.3-12.)

22         In her complaint, Plaintiff asserts the following causes of action:  (1) a claim under 42

23   U.S.C. § 1983 for violations of her civil rights, (2) a claim "[f]or violation of Plaintiffs State

24   Rights CA § 52.1," (3) a claim for intentional infliction of emotional distress, (4) a claim for

25   "Negligence, Disregard and Malice," (5) "Deprivation of Due Process, Breach of contract," and (6)

26   a claim for abuse of process.  *(Id.)*

27         While she asserts claims against fifteen different Defendants, the bare assertions in the

28   complaint fail to give many of these Defendants fair notice of the claims asserted against them.

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    For example, Plaintiff alleges that Judge James Bertoli "deprived Plaintiff of civil rights, allowed

2    Human Services Department to lie, manipulate, withhold information, fabric [*sic*] evidence and

3    neglected to prevent all action-U.S.C. 42 § 1986." (Compl. ¶ III.5.) She similarly alleges that

4    Public Defender Bonnie Alonzo "allowed [the] court and CPS to deprive Plaintiff of civil rights

5    and state laws and statute laws of California (WIC) laws and was basically ineffective and

6    negligent as council [*sic*] to Plaintiff." (*Id.* ¶ III.6.) The allegations concerning Public Defender

7    David Fuller, Patty Ramano, Jackie Gillespie, and Juana Marquez are similarly conclusory. (*See*

8    *id.* ¶¶ III.7-10.) With respect to the three police departments named as Defendants, Plaintiff

9    merely alleges that "Martinez went to three separate residences along with police departments

10   from three different cities." (Compl. ¶ IV.1.) The remaining allegations in the complaint only

11   refer to Defendants generally, and with the exception of a few instances of specific conduct by

12   Martinez and Fraley, the Court is unable to discern which defendant engaged in what conduct.

13   Thus, the allegations in the complaint, even when liberally construed, do not "contain sufficient

14   factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See*

15   *Twombly*, 550 U.S. at 555.

16           The Court notes that even if Plaintiff could properly allege facts showing that Judge

17   Bertoli engaged in any of the conduct that is the basis for Plaintiff's claims, absolute immunity

18   would likely attach to his actions. *See Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985)

19   ("Absolute immunity fails to attach to judicial officers only when they act clearly and completely

20   outside the scope of their jurisdiction. Allegations of malice or bad faith in the execution of the

21   officer's duties are insufficient to sustain the complaint when the officer possesses absolute

22   judicial immunity."); *Haile v. Sawyer*, No. C 02-5723 MJJ, 2003 WL 1907661, at *2 (N.D. Cal.

23   Apr. 14, 2003) ("It is well-settled that judges are immune from civil suit for actions taken in their

24   judicial capacity, unless 'taken in the complete absence of all jurisdiction.'") (citation omitted).

25   Any claim against the Sonoma County Superior Court would also be barred by the Eleventh

26   Amendment, which renders state entities immune from tort actions for damages. *See Hyland v.*

27   *Wonder*, 117 F.3d 405, 413 (9th Cir. 1997). To the extent that Plaintiff is asserting ineffective

28   assistance of counsel or otherwise challenges the court proceedings, an appeal is the appropriate

1    method to address her claims.

2          Plaintiff has also failed to separately plead each cause of action.  *See* Fed. R. Civ. P. 10 ("A

3    party must state its claims or defenses in numbered paragraphs, each limited as far as practicable

4    to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a

5    separate transaction or occurrence . . . must be stated in a separate count or defense.").  Plaintiff's

6    second cause of action is for violations of "Plaintiffs State Rights CA § 52.1," but in the section

7    related to that claim, she alleges that "[t]he specific acts by Defendants violated Article I, Section

8    13 of the Constitution of the State of California and Cal. Civ. Code § 52.1."  (Compl. ¶ V.1.)

9    Plaintiff's fourth cause of action is "For Negligence, Disregard and Malice," and her fifth cause of

10   action is captioned "Deprivation of Due Process, Breach of Contract."  For the sake of clarity,

11   Plaintiff should separately plead each cause of action, along with the specific facts that support

12   each one and specific facts pertaining to each defendant.  Plaintiff should also be sure to identify

13   the proper legal basis for each of her claims.  Disregard and malice, for example, describe mental

14   states, not separate claims for relief.

### IV.    CONCLUSION

16         For the reasons stated above, Plaintiff's application to proceed in forma pauperis is

17   GRANTED.  Plaintiff's complaint is also dismissed with leave to amend.  Plaintiff shall file a

18   first amended complaint within 30 days of this order.  Plaintiff is on notice that the first amended

19   complaint will supersede the original complaint, such that it will be treated as nonexistent.  *See*

20   *Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by

21   *Johnson v. Cal.*, 543 U.S. 499 (2005).  For this reason, Plaintiff shall properly identify the legal

22   and factual bases for all of her claims, free of any reference to any prior complaint, and she shall

23   clearly identify the specific claims asserted against each defendant.  *See King v. Atiyeh*, 814 F.2d

24   565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa Cnty.*, 693 F.3d 896

25   (9th Cir. 2012).  She shall also allege specific facts pertaining to each defendant under each

26   applicable cause of action.  The first amended complaint shall comply with Federal Rule of Civil

27   Procedure 5.2, which outlines specific requirements that apply to certain pleadings, including

28   those naming minors.  Failure to file a first amended complaint within 30 days of this order may

United States District Court
Northern District of California

1    result in dismissal of this action for failure to prosecute.

2           To ensure that her first amended complaint complies with this order, Plaintiff may wish to

3    contact the Federal Pro Bono Project's Help Desk—a free service for *pro se* litigants—by calling

4    (415) 782-8982.  The Court has also adopted a manual for use by *pro se* litigants, which may be

5    helpful to Plaintiff.  This manual, and other free information is available online at:

6    http://cand.uscourts.gov/proselitigants.

7           IT IS SO ORDERED.

8    DATE:05/14/15

9                                                KANDIS A. WESTMORE
                                                 United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

5