UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHEANNA D. KENNEDY,<br><br>    Plaintiff,<br><br>    v.<br><br>SONOMA COUNTY SUPERIOR COURT, et al.,<br><br>    Defendants. | Case No.  15-cv-01642-KAW<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 6 |

Rheanna D. Kennedy ("Plaintiff"), acting pro se, commenced the above-captioned case on April 10, 2015. (Compl., Dkt. No. 1.) Plaintiff also filed an application to proceed in forma pauperis. (Pl.'s IFP Appl., Dkt. No. 2.) On May 14, 2015, the Court granted that application but dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief can be granted. Plaintiff filed an amended complaint on June 11, 2015. (Am. Compl. ("FAC"), Dkt. No. 6.) That complaint is also subject to dismissal, with leave to amend, for the reasons set forth below.

## I.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss [a] case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." *See* Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." But "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a

probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle*, 429 U.S. at 106 (internal citations omitted).

## III.  DISCUSSION

This action stems from the alleged warrantless removal of Plaintiff's two minor children. (FAC ¶¶ 5a, 5b.)  The allegations in the complaint are as follows:

> 5A.  In Sonoma County on February 7th 2013 Elizabeth Martinez (CPS) and a police officer came to my house without a warrant and seized my daughter.
>
> 5b.  In Contra Costa County on February 7th 2013 a social worker and a police officer seized my son, again without a warrant.
>
> 5c.  May 2013 a detriment finding stopped all visits w/ my children.  My public defender Bonnie Alonzo failed to notify me where the meeting was at.  I did not have a chance to fight for my visits.
>
> 5d.  June 2013 I was black mailed by social worker Juana Marquez and CPS <u>paid</u> therapist that if I admitted to something I didnt do I could see my children.  I wouldnt lie.
>
> 5E.  I was told by CPS that if I do their case plan I'd be reunited with what's LAWFULLY mine, my children.  I graduated parenting classes, a drug diversion program, and attend one on one therapy where I was blackmailed by CPS PAID therapist Marilyn Stender.  I attended domestic violence classes on my own dime and time as well as paid for anger management.
>
> 5f.  Foster parents were never background checked and have also lied about my childrens sleeping arrangements.
>
> 5g.  I was never given a fair and speedy trial by my peers to fight for my parental rights.
>
> 5h.  Jv 180 was filed but dismissed without even looking at the evidence.  I was mocked in a court room by Judge Robert Bertoli.

2

> 5I. I was misrepresented by david fuller. None of Sonoma Counties Public Defenders helped me.
> ...
>
> 5J. I was discriminated against because of the color of my hair. I dyed my hair in hopes that the system would see I'll do anything for my children.

(FAC ¶¶ 5A-5J (errors in original).)

Plaintiff names the Sonoma County Superior Court, the Sonoma County Human Services Department (CPS), the Sonoma County Public Defender's Office, the Rohnert Park Police Department, the Santa Rosa Police Department, and the El Sobrante Police Department as Defendants. (*Id.* ¶ 1.) She also prays for "the immediate return of [her] children" and $4.5 million in damages, "[a]lthough no dollar amount will ever repair the damage that w[as] done to [her] children . . . and [her] family." (*Id.* ¶ 6.)

Plaintiff's causes of action include a § 1983 claim for violation of her Fourteenth Amendment rights to familial association. While that claim may possibly be viable, the rest of the amended complaint is problematic. To the extent Plaintiff asserts any claims against Judge Bertoli, the Court has already explained that even if Plaintiff could properly allege facts showing that Judge Bertoli engaged in any of the conduct that is the basis for Plaintiff's claims, absolute immunity would attach to his actions. *See Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985) ("Absolute immunity fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction. Allegations of malice or bad faith in the execution of the officer's duties are insufficient to sustain the complaint when the officer possesses absolute judicial immunity."); *Haile v. Sawyer*, No. C 02-5723 MJJ, 2003 WL 1907661, at *2 (N.D. Cal. Apr. 14, 2003) ("It is well-settled that judges are immune from civil suit for actions taken in their judicial capacity, unless 'taken in the complete absence of all jurisdiction.'") (citation omitted).

The Court also explained that any claim against the Sonoma County Superior Court would be barred by the Eleventh Amendment, which renders state entities immune from tort actions for damages. *See Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997). The Court further explained that to the extent Plaintiff alleges ineffective assistance of counsel or otherwise challenges the state court proceedings, an appeal is the appropriate method to address her claims.

With respect to any claims asserted against the Rohnert Park Police Department, the Santa Rosa Police Department, or the El Sobrante Police Department, Plaintiff has failed to allege any facts that would support an inference of liability. If she wishes to pursue any claims against these departments, then she must allege such facts.

Additionally, Plaintiff has failed to separately plead each cause of action. *See* Fed. R. Civ. P. 10 ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."). Nor does she specify which claim is asserted against which defendant. For the sake of clarity and so that each defendant has fair notice of the claim, or claims, asserted against him or her, Plaintiff should separately plead each cause of action, along with the specific facts that support each one and specific facts pertaining to each defendant. Plaintiff should also be sure to identify the proper legal basis for each of her claims and identify the proper defendants.

### IV.     CONCLUSION

For the reasons stated above, Plaintiff's amended complaint is dismissed with leave to amend. Plaintiff shall file a second amended complaint within 30 days of this order. Plaintiff is on notice that the second amended complaint will supersede the original complaint, such that it will be treated as nonexistent. *See Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005). For this reason, Plaintiff shall properly identify the legal and factual bases for all of her claims, free of any reference to any prior complaint, and she shall clearly identify the specific claims asserted against each defendant. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). She shall also allege specific facts pertaining to each defendant under each applicable cause of action. The second amended complaint shall comply with Federal Rule of Civil Procedure 5.2, which outlines specific requirements that apply to certain pleadings, including those naming minors. Failure to file a second amended complaint within 30 days of this order may result in dismissal of this action for failure to prosecute.

1   To ensure that her second amended complaint complies with this order, Plaintiff may wish
2   to contact the Federal Pro Bono Project's Help Desk—a free service for *pro se* litigants—by
3   calling (415) 782-8982.  The Court has also adopted a manual for use by *pro se* litigants, which
4   may be helpful to Plaintiff.  This manual, and other free information is available online at:
5   http://cand.uscourts.gov/proselitigants.
6   IT IS SO ORDERED.
7   Dated: 08/06/2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge